UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JEFFREY SPEAR,

       Plaintiff,

v.

FLORIDA 595 TRAVEL CENTER CORP.,
NORKA RODRIGUEZ, WILLIAM HOFFER,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C § 201 et seq., Plaintiff JEFFREY SPEAR brings this action against FLORIDA 595 TRAVEL CENTER CORP., NORKA RODRIGUEZ, and WILLIAM HOFFER (collectively, "Defendants") for unpaid overtime and minimum wages, and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, FLORIDA 595 TRAVEL CENTER CORP., was a Florida corporation with its principal place of business in South Florida, engaged in commerce as a truck stop service centre selling products and providing repair and maintenance services for trucks and trailers, at all times hereto was the "employer" of Plaintiff as that term is defined under the FLSA, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. Defendants operate a truck stop that sells chips, snacks, drinks, and other goods that were delivered to the truck stop from outside Florida.

5. Defendants' truck stop services vehicles with parts and materials that came from outside Florida.

6. Defendant, NORKA RODRIGUEZ, is a resident of South Florida, and was, and now is, the comptroller and/or owner of FLORIDA 595 TRAVEL CENTER CORP.; Defendant, NORKA RODRIGUEZ, acted and acts directly in the day-to-day operations and management of FLORIDA 595 TRAVEL CENTER CORP., in relation to co-Defendant's employees. Defendant, NORKA RODRIGUEZ, effectively dominates FLORIDA 595 TRAVEL CENTER CORP. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, NORKA RODRIGUEZ was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendant, WILLIAM HOFFER, is a resident of South Florida, and was, and now is, the repair shop manager of FLORIDA 595 TRAVEL CENTER CORP.; Defendant, WILLIAM HOFFER, acted and acts directly in the interests of FLORIDA 595 TRAVEL CENTER CORP., in relation to co-Defendant's employees. Defendant, WILLIAM HOFFER, effectively dominates FLORIDA 595 TRAVEL CENTER CORP. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of Plaintiff. Thus, WILLIAM HOFFER was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendants NORKA RODRIGUEZ and WILLIAM HOFFER managed the payroll of Plaintiff and other employees of Defendant FLORIDA 595 TRAVEL CENTER CORP. and are

responsible for Defendant FLORIDA 595 TRAVEL CENTER CORP.'s failure to pay Plaintiff his proper overtime wages.

9. Defendants NORKA RODRIGUEZ and WILLIAM HOFFER controlled the schedules and pay of Plaintiff.

10. Defendants NORKA RODRIGUEZ and WILLIAM HOFFER supervised Plaintiff.

11. Defendants NORKA RODRIGUEZ and WILLIAM HOFFER had the authority to hire and fire Plaintiff.

12. In justifiable reliance upon Defendants' representations and promises, Plaintiff JEFFREY SPEAR accepted employment and began working for Defendants as a service advisor.

13. During Plaintiff's employment, Defendants did not pay Plaintiff the full and proper overtime wages of 1.5 times his regular hourly rate for all hours Plaintiff worked over 40 each week.

14. Defendants did not maintain accurate records of the hours Plaintiff worked each week.

15. The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff worked, and the compensation paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statement of claim as Exhibit A to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

16. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

17. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

18. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

19. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-18 above as if set forth herein in full.

20. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

21. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791